UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------  X
                                              :

PARK AVENUE PODIATRIC CARE, P.L.L.C.,   :

                                        :     **<u>ORDER GRANTING MOTION</u>**
                          Plaintiff,   :     **<u>TO DISMISS</u>**

            -against-                     :

                                              :     22 Civ. 10312 (AKH)

CIGNA HEALTH AND LIFE INSURANCE     :
COMPANY,                                      :

                                              :

                            Defendants.   :

                                              :
------------------------------------------------------------  X

ALVIN K. HELLERSTEIN, U.S.D.J.:

           Plaintiff Park Avenue Podiatric Care, P.L.L.C. ("Plaintiff," or "PPAC") sues

Cigna Health and Life Insurance Company ("Defendant," or "Cigna") seeking payment for

services rendered to "SS", a beneficiary of an employee health benefit plan (the "Plan")

governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

("ERISA").  Plaintiff has asserted state law claims for breach of contract, unjust enrichment,

promissory estoppel, and violation of New York's Prompt Pay Law.  Defendants move to

dismiss on two grounds: (1) express preemption of state law claims by ERISA section 514(a);

and (2) failure to state a claim upon which relief may be granted (R. 12(b)(6)).  (ECF No. 10).

For the reasons discussed below, Defendant's motion is granted.

**BACKGROUND**

           The following facts are taken from the Complaint, which I must "accept[] as true"

for the purpose of this motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff is a New

York-based health services provider not part of any provider network organized by Cigna.  *See*

Complaint ("Compl.") ¶ 7, 15.  As such, Cigna treats Plaintiff as an out-of-network provider.  *Id.*

1

¶ 18.  A patient referred to as "SS," a beneficiary of a health benefit plan for which Cigna served as the claims administrator, required foot surgery and sought treatment from Plaintiff.  *Id.*  ¶¶ 3, 11, 25.  On January 22, 2019, Plaintiff contacted Cigna by phone, identified itself as an out-of-network provider, and indicated that Plaintiff was willing to render services to SS. *Id.* ¶¶ 27-28.  In phone conversations, Cigna told Plaintiff that Cigna's payment for covered services provided was "based upon 80 percent of the customary rate."  *Id.* ¶¶ 29-30.  "Customary rate" refers to the usual, customary, and reasonable charge for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical services.  *Id.* ¶¶ 21, 30.

Between November 1, 2019 and December 13, 2019, Plaintiff performed various foot surgeries on SS.  *Id.* ¶ 32.  Plaintiff billed Cigna a total of $197,350 for the services provided by its doctors.  *Id.* ¶¶ 34, 37, 39.  Of that billed amount, Cigna paid Plaintiff a total of $7,199. *Id.* ¶¶ 38, 40. Plaintiff asserts that Cigna "intentionally incorrectly calculated 80% of the customary rate resulting in an underpayment" to Plaintiff, and alleges four causes of action: breach of an oral contract, unjust enrichment, promissory estoppel, and violation of New York's Prompt Pay Law.  *Id.* ¶¶ 64, 66-103.

Defendant filed a motion to dismiss on January 9, 2023. Having reviewed the parties' submissions, I hold that Plaintiff's state law claims are expressly preempted by ERISA section 514(a).  29 U.S.C. § 1144(a).  Accordingly, Defendant's motion to dismiss is granted. Since plaintiff's state law claims are pre-empted, there is no reason to discuss the merits of the state law claims, and I decline to do so.

## DISCUSSION

I.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556

U.S. at 678.  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

When considering a motion to dismiss a complaint under Rule 12, the Court must "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor."  *See Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017).  However, the Court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions."  *Id.*

II.    Analysis

   A.  Consideration of the Plan Document

In considering a motion to dismiss, the Court is limited to a "narrow universe of materials."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "Generally, [courts] do not look beyond 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'"  *Id.* (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n. 2 (2d Cir. 2016)) (alterations in original). Additionally, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)).

In support of its motion, Defendant submitted an excerpt of the Summary Plan Description for Mizuho Bank LTD's health benefits plan in effect as of January 1, 2019. Declaration of E. Evans Wohlforth, Jr., Esq. in Support of Defendants' Motion to Dismiss

3

("Wohlforth Decl."), Ex. A (the "Plan Document") (ECF No. 12-1).  The Plan Document

provides that it is sponsored by Mizuho Bank, Ltd., as an employer, to provide medical benefits

for its employees. *See Id.* at 10, 63-64.  It further establishes that the SS was a beneficiary: the

"Policy Group" number appearing on the cover page of the Plan Document matches the Policy

Group number included on SS's claim forms attached to the Complaint. *Compare* Compl. Ex. 1,

Box 11 *with* Plan Document, at 1.  The Plan Document therefore establishes that the Plan is an

employee benefit plan governed by ERISA, and that SS was a beneficiary of this ERISA-

regulated Plan.

Plaintiff argues that the Court should not consider the Plan Document because

Plaintiff's "claims can be stated without any reference to the S.S.'s health plan and are solely

based on Cigna's words and actions."  Mem. in Opp. (ECF No. 14), at 3.  I find this argument

unconvincing.  The Complaint contains references to the Plan throughout.  *See* Compl. ¶¶ 3, 8–

12, 15–23, 27–30, 37–40. The Complaint alleges that Cigna determines the "allowed amount"

for covered out-of-network services pursuant to the Plan, and that Cigna communicated to

Plaintiff that the "allowed amount" under the Plan for the services provided would be equal to

"80 percent of the customary rate." *Id.* ¶¶ 20-23, 29-30.  The Plan's terms and Cigna's

communications about its coverage pursuant to the Plan are at the very heart of Plaintiff's claims.

Clearly, "the complaint 'relies heavily upon [the Plan's] terms and effect,' which renders the

document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53

(2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d

Cir.1995)).

B.  ERISA Preemption

ERISA § 514 expressly preempts any state law that "relate[s] to any [ERISA]

employee benefit plan." 29 U.S.C. § 1144(a)-(b); *District of Columbia v. Greater Wash. Bd. of*

4

*Trade*, 506 U.S. 125, 127 (1992).  "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (finding common law causes of action related to employee benefit plans are preempted by ERISA unless they fall under one of the exceptions enumerated in the statute). A state law "relates to" an ERISA benefit plan when "it has a connection with or reference to such a plan," *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985), or when "the existence of [an ERISA] plan is a critical factor in establishing liability." *Ingersoll- Rand Co. v. McClendon*, 498 U.S. 133, 139–40 (1990).

Plaintiff argues that Cigna's communications with Plaintiff about its coverage formed an oral contract completely independent from the Plan, and that the terms of the Plan are therefore unconnected to its claims.  But this argument is belied by the Complaint itself.  The Complaint alleges that Plaintiff, "unwilling to risk non-payment" to treat SS, contacted Cigna in its capacity as SS's plan administrator.  Compl. ¶¶ 26, 27.  Plaintiff and Cigna discussed what Cigna would pay under the Plan; Cigna advised Plaintiff that its payment would be "based on 80 percent of the customary rate," while "aware that [Plaintiff] was treating Cigna consumers, and SS in particular." *Id.* 29, 31.  Cigna ultimately adjudicated Plaintiff's claims and paid Plaintiff $7,199 for "covered services rendered to SS." *Id.* ¶¶ 37-40.

Considering the above, it is clear on the face of the Complaint that Plaintiff's claims derive from coverage determinations made pursuant to a health benefit plan regulated by ERISA.  The adjudication of each of Plaintiff's claims would require the Court to analyze the terms of the Plan to determine the benefits owed.  As such Plaintiff's claims would require "reference to" the Plan and are therefore expressly preempted by ERISA.  S*ee Star Multi Care*

*Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 291 (E.D.N.Y. 2014) (finding

state law breach of contract and promissory estoppel claims preempted); *Jeffrey Farkas, M.D.*,

2019 WL 657006, at \*4 (finding ERISA preempts a state law breach of contract claim where

"[i]nterpreting the Agreement would require the Court to parse the language of the underlying

[ERISA-covered] plan"); *Neurological Surgery, P.C. v. Siemens Corp.*, No. 17-cv-3477, 2017

WL 6397737, at \*5 (E.D.N.Y. Dec. 12, 2017) (finding contract, unjust enrichment, and Prompt

Payment Law claims preempted).

## CONCLUSION

For the reasons discussed, the motion to dismiss is granted.  The Clerk of Court

shall terminate the motion (ECF No. 10).  Any claim must be found under ERISA, and Plaintiff

must demonstrate standing to assert any such claim.  *See* 29 U.S.C. § 1132(a)(1)(B); *McCulloch*

*Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 146–148 (2d Cir. 2017).

Plaintiff may replead by March 27, 2023.  Failing to replead timely will be basis for dismissal of

the action.

SO ORDERED.

Dated:       March 13, 2023                       /s/ Alvin Hellerstein
             New York, New York                 ALVIN K. HELLERSTEIN
                                                United States District Judge