UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                           :
PARK AVENUE PODIATRIC CARE, P.L.L.C.,                      :
                                                           :     **ORDER DENYING MOTION**
                                              Plaintiff,   :     **FOR RECONSIDERATION**
            -against-                                      :
                                                           :     22 Civ. 10312 (AKH)
CIGNA HEALTH AND LIFE INSURANCE                            :
COMPANY,                                                   :
                                                           :
                                             Defendants.   :
                                                           :
---------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Park Avenue Podiatric Care, P.L.L.C. ("Plaintiff," or "PAPC") sued Cigna Health and Life Insurance Company ("Defendant," or "Cigna"), seeking payment for services rendered to "SS", a beneficiary of an employee health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). In January 2019, SS sought podiatric care from PAPC, which was not part of any provider network organized by Cigna. Prior to providing care, and with knowledge that Cigna was SS's Plan administrator, PAPC contacted Cigna by phone, identified itself as an out-of-network provider, and indicated that it was willing to render services to SS. Cigna represented to PAPC that Cigna's payment for covered services was based on 80 percent of the customary rate. PAPC provided various treatments to SS and billed Cigna a total of $197,350. Cigna paid PAPC $7,199. PAPC filed suit, alleging that Cigna incorrectly calculated its payment. Plaintiff claims

1

breach of an oral contract, unjust enrichment, promissory estoppel, and violation of New York's Prompt Pay Law.[1]

On March 13, 2023, I dismissed the case as preempted by ERISA section 514(a), (ECF No. 19.) PAPC moves for reconsideration of my order. For the reasons that follow, PAPC's motion is denied.

PAPC has failed to identify any controlling law or facts I overlooked in my March 13, 2023 order. Because "a motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the instant motion must be denied. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The reconsideration standard "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). This standard is strict, and such motions will generally be denied. S*ee Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012).

In my March 13, 2023 order, I found that PAPC's claims derived from Cigna's coverage determinations made pursuant to a health benefit plan regulated by ERISA, and that the adjudication of PAPC's claims would therefore require the Court to analyze the terms of the Plan to determine the benefits owed. Because PAPC's claims would require "reference to" the Plan, I found that they were preempted by ERISA. *See Metro. Life Ins. Co. v. Massachusetts*, 471 U.S.

---

[1] Plaintiff, as an out-of-network provider without an assignment of rights from SS, lacks standing to bring an ERISA suit against Cigna because ERISA Section 502(a) expressly limits standing to participants, beneficiaries, fiduciaries, and the US Department of Labor. *See* 29 U.S.C § 1132.

724, 739 (1985). In doing so, I rejected PAPC's arguments that its conversations with Cigna created an oral contract and an "independent legal duty" completely unrelated to the terms of the Plan.

In its motion for reconsideration, PAPC cites no controlling case law I overlooked and identifies no new facts; it simply disagrees with my conclusion that a plain reading of the Complaint demonstrates that PAPC's claims derive from a coverage determination made by Cigna pursuant to the Plan. As discussed in my order, the Complaint alleges that PAPC initially contacted Cigna in its capacity as the Plan administrator. Compl. ¶¶ 26, 27. PAPC and Cigna discussed payment, and Cigna advised PAPC that its payment would be "based on 80 percent of the customary rate," while "aware that [Plaintiff] was treating Cigna consumers, and SS in particular." *Id.* 29, 31. Cigna's commitment to pay is inextricable from the terms of the Plan. PAPC similarly fails to advance any new arguments that the Court should apply a compete preemption analysis under Section 502 rather than conflict preemption analysis under Section 514(a).

Accordingly, the motion for reconsideration is denied. The Clerk of Court shall terminate ECF No. 20.

SO ORDERED.

Dated:  July 31, 2023
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge